## FRANK A. DILLINGHAM

### *v.*

## AUBREY H. MARTIN et al.

### [Filed May 15th, 1901.]

1. Testatrix, by her will, and a codicil thereto, appointed her husband and her son executors, who proved the will and codicil in the orphans court, of her domicile, and received letters testamentary thereon. The residuary estate, consisting of real and personal property, was bequeathed and devised to the executors and the survivor or successor of them, in trust, to convert the same into cash, and invest the same and pay the rents, interest and dividends to the husband for his life. The husband was given power to dispose of the trust fund by his last will. Upon the failure of the husband to execute such power, it was directed that it should be divided into equal shares, one for each of her children surviving her, and one for the children of any child having died leaving child or children living at her husband's death. The surviving trustee was empowered to designate and set apart, and invest and reinvest one of such shares to each child, and one to the child or children of each deceased child, and to pay the income, &c., to the person for whom the share was designated and set apart, for the natural life of such person, and at death to the next of kin of said person, to whom there was an express gift. Authority was given to the trustees to advance a portion of the principal of each share to the person for whom it was designated and set apart, "whenever said trustees or the survivor of them shall deem it expedient in view of the necessities, comfort or welfare of such person or persons."

Dillingham *v.* Martin.

2. The husband died without making disposition of the trust fund under the power. The son applied to and was discharged by the said orphans court from his executorship and trusteeship. Complainant was appointed by that court administrator *de bonis non* with the will annexed, and trustee thereunder.

3. On bill for the construction of the will and direction to the complainant as to his power to advance part of the principal of a share to the person for whom it was designated and set apart—*Held*, (1) that the gift to the next of kin, though general in terms, was limited by the subsequent provisions for advances, so that, at the death of the person to whom a share was designated and set apart the next of kin would take only what remained after advances made in pursuance of the power given; (2) the surviving trustee was therefore empowered to make advances at his discretion, upon a determination that it was expedient for reasons included in the grant of power; but, (3) the power thus conferred was coupled with a trust to be exercised in the discretion of the trustee appointed by the will, and may not be exercised by the trustee substituted under the appointment of the orphans court.

4. By the will the trustees were granted power and discretion to use any part of the principal of either or any of the funds therein granted to them for the purpose of improving real estate devised.

5. On a prayer for direction as to the power of complainant to use funds to improve the real estate yet unconverted into cash—*Held further*, (1) that since on the death of the husband it became the duty of the surviving trustee to divide the trust fund and designate and set apart the shares to certain persons, it may be questioned whether he would have power to employ any of such individual shares in the improvement of real estate not converted into cash; but that (2) if the surviving trustee possessed such power it was coupled with a trust, exercisable on his discretion and judgment as to the mode and manner of improvement, and the power, if thus given, is not one to be exercised by the substituted trustee.

---

On bill for the construction of the last will and testament of Mary T. Martin, deceased, and a codicil thereto, and for direction to complainant, who has been appointed administrator with the will annexed and trustee thereunder.

The will of Mary T. Martin was dated April 25th, 1892, and, by the first paragraph thereof, her husband, Archer N. Martin, was appointed sole executor.

The sixth paragraph, or so much as is important, reads as follows:

"All the rest, residue and remainder of my estate of every name and nature * * * I give, devise and bequeath to my husband, Archer N. Martin, and Charles E. Kimball, to have and to hold the same to them

Dillingham *v.* Martin.

or the survivor or successor of him or them, or their or his heirs forever; but in trust, nevertheless, to and for the following uses and purposes to wit:

"To convert the same into cash, and to invest and reinvest the same from time to time at their discretion, or the discretion of the survivor or successor of them in such manner and in such securities or investments, real or personal, as to him or them may seem best, and to take, collect and receive the rents, issues, interest, income, dividends and profits thereof and pay the same over to my said husband for and during his natural life, to be used and employed by him wholly at his discretion for the benefit of himself and the comfort, education and support of my children."

The seventh paragraph reads as follows:

"*Seventh.* I hereby empower my said husband to dispose of the trust fund mentioned and referred to in the foregoing sixth section, or so much thereof as shall remain in the hands of the said trustees at his death, by his last will and testament in such manner as he shall deem best; but in the event that he shall fail to exercise said power of disposition, I direct that then said trust fund be divided into equal shares, one for each of the children I shall leave, and one for the child or children as the case may be, of any and every of my children who may then have died leaving child or children living at the time of the death of my said husband; and I empower the trustee who shall survive my said husband to designate and set apart and invest and reinvest one of said shares for each of my surviving children, and one for the child or children, as the case may be, of any deceased child or children of mine (a share for the child or children of each deceased child), and to pay over the rents, income, issues and profits of each share accordingly, to the person or persons for whom the same shall be so designated and set apart, for the natural life of the said person or persons, and at the death of the said person or persons the share is to go to the next of kin of such person or persons, and I give the same accordingly; and I hereby grant to the said trustees and the survivor of them, the broadest discretion as to the property or securities in which to make investment. And I hereby authorize and empower them to advance a portion of the principal of the share to the person or persons for whom the same may be set apart and designated, whenever said trustees or the survivor of them, shall deem it expedient in view of the necessities, comfort or welfare of such person or persons."

By the eleventh paragraph of the will it is thus provided:

"*Eleventh.* I hereby grant to my executors and trustees hereunder full power of sale of any and all my estate upon credit or for cash, and I hereby empower them to execute such proper deeds, assignments or conveyances as shall be necessary or proper to enable them to execute such sale or sales, and I hereby further grant to them full power, authority

Dillingham *v.* Martin.

and discretion to use any part of the principal of either or any of the funds therein granted to them for the purpose of improving real estate devised by me, or for the purpose of maintaining the same in good condition, and I hereby grant to my said trustees right, power and discretion to change investments which they shall make from time to time, and to invest the fund submitted to their care in safe interest bearing or dividend paying securities, or on bond and mortgage or in improved real estate."

By a codicil to the said will, made on the 26th of May, 1894, the testatrix appointed her son, Aubrey H. Martin, co-executor with her husband, Archer N. Martin, and revoked the appointment, contained in the sixth paragraph of her will, of Charles E. Kimball as co-trustee with her husband, Archer N. Martin, and appointed her son, Aubrey H. Martin, as co-trustee with her husband, in the place of the said Charles E. Kimball, to execute the trust in said paragraph declared.

It appears by the proofs that Archer N. Martin, the husband of the testatrix, died intestate, and without disposing of the trust referred to in the sixth section of the said will.

It further appears by the proofs that Aubrey H. Martin, who survived his father, was, upon his own petition, discharged from his office as executor and trustee under said will by the orphans court of Union county, in which county the will and codicil had been proved.

It also appears by the proofs that afterward the complainant was, by the said orphans court, appointed administrator with the will annexed of the said Mary T. Martin, deceased, and trustee thereunder.

The direction of the court is asked upon two points, viz.:

*First.* Whether the complainant, as trustee, has power, under the seventh item of the will, to advance a portion of the principal of the estate to the person or persons for whom a share thereof may be set apart and designated, pursuant to the provisions of the said will, if he (the complainant) shall deem it expedient in view of the necessities, comfort or welfare of such person or persons.

*Second.* Whether, under said will, the complainant has power, authority and discretion to erect dwelling-houses and other buildings for the purpose of improving the real estate devised

by the testatrix, and, if he has such power, what funds may be used by him for that purpose.

*Mr. Joseph Cross,* for the complainant.

*Mr. Atwood L. De Coster,* for the defendants.

THE CHANCELLOR.

The direction first sought by the complainant is put, by his bill, upon the ground that one of the beneficiaries under said will has applied to the complainant to advance to him a portion of his share of the principal of the trust fund, under the provisions of the seventh paragraph of the will, and that such applicant asserted that the condition under which such advance might properly be made existed in his case at the time of such application. What the conditions were has not been disclosed. Assuming that, as charged, they would justify the exercise of the judgment of the trustee, whether or not the advance asked for should be made, I think the complainant may properly ask the direction of the court as to his power to exercise a discretion, and make a judgment respecting such demanded advance. While he may not call upon the court for counsel or advice, he may ask the court to decide and direct what he should do when action by him as trustee is demanded, and his duty to act is involved in doubt. *Griggs* v. *Veghte, 2 Dick. Ch. Rep. 179.*

It will simplify the discussion to consider, first, whether or not the trustees originally appointed by the will had power to make such an advance as has been applied for. By the scheme of the sixth and seventh paragraphs, the residuary estate of the testatrix was devised and bequeathed to trustees to convert into cash and invest at their discretion, and to pay the rents, interest and income thereof to the husband for his life. In the event that the husband did not exercise the power of disposition conferred upon him by the seventh paragraph, the trust fund was to be divided into equal shares, and each share was to be designated and set apart for her surviving children, and for the child or children of any deceased child or children,

and the trustee was to pay over the rents and income of each share to the person or persons for whom the same should be so designated or set apart for the natural life of the said person; and at the death of such person or persons to pay the share set apart to the next of kin of such person or persons. That each share should go to such next of kin is expressed by testatrix's language: "I give the same accordingly." If the paragraph contained no other provisions, it is obvious that the beneficiary of each share acquired no right except as to the income during life. At the death of each beneficiary the share would be payable to his or her next of kin. If the testatrix designed to allow the beneficiaries for life to obtain some part of the principal, it would seem that she would have naturally confined the gift to the next of kin to so much of the share as should not have been advanced to the beneficiary for life. But although the gift appears to be of the whole share, yet the words of gift must be read with, and may be limited by, the last clause in the same paragraph, whereby testatrix conferred upon the trustees the power to advance a portion of the principal of each share to the person or persons for whom it had been set apart and designated, "whenever said trustees or the survivor of them should deem it expedient in view of the necessities, comfort or welfare of such person or persons." As the shares are not to be set apart until after the death of the husband, who was trustee, it is obvious that this grant of discretionary power, if bestowed, was to be exercised by the surviving trustee.

Reading the whole paragraph together, I think it does not admit of doubt that the trustee appointed by the will and codicil of testatrix who survived the husband became possessed of discretionary power to advance to any beneficiary a portion of the share set apart to him or her, upon the judgment of such trustee that it was expedient for the necessity, comfort or welfare of such beneficiary.

One of the trustees having died and the other trustee having withdrawn and been discharged from his trust, the question is whether complainant, who is a substituted trustee, may exercise the power which I have thus concluded was conferred upon the surviving trustee named in the will and codicil.

The appointment of complainant was made under the provisions of section 129 of the Orphans Court act of March 27th, 1874 (*Gen. Stat. p. 2386*), which provisions have been re-enacted in section 151 of "An act respecting the orphans court, and relating to the powers and duties of the ordinary and the orphans court and surrogates." *P. L. of 1898 p. 715.* By these provisions the orphans court is empowered to appoint a person in place of an executor or trustee thus discharged, and it is expressly enacted that the person so appointed shall be authorized to do all acts necessary for the administration and settlement of the estate, and the execution of the powers and performance of the trusts contained in the will, in the same manner and to the same effect as if such person had been named as executor or trustee in such will.

Notwithstanding this very broad grant of authority, it is settled in our courts that a trustee thus appointed and substituted may not perform all acts which the will of the testator authorized the trustee thereby appointed to perform. Where the power conferred upon the trustee appointed by the will is a power coupled with a trust to be exercised in the discretion and upon the judgment of the trustee, the trustee appointed and substituted under the statute does not acquire the right to exercise the power upon his own discretion or judgment. *Read v. Patterson, 17 Stew. Eq. 211; Pedrick v. Pedrick, 3 Dick. Ch. Rep. 313; S. C., 5 Dick. Ch. Rep. 479; Weiland v. Townsend, 6 Stew. Eq. 393.*

The power conferred upon the trustees under the will and codicil in question was coupled with a trust and exercisable only upon the discretion of the trustees.

It results therefore that complainant, who is a substituted trustee, may not, in his own discretion and upon his own judgment, make an advance which the original trustee under the will and codicil who survived had authority to make at his discretion, out of the share designated and set apart for the beneficiaries for life.

It does not necessarily follow that such advances may not be made, for it may be that the court may require the substituted trustee to execute the trust, under equitable rules prescribed by

it, and upon its order or decree, upon the facts requiring action being exhibited to it. *Weiland* v. *Townsend, ubi supra.*

The remaining prayer of the bill is for direction whether complainant has authority, under the will, to erect dwelling-houses and other buildings on the real estate devised by the testatrix, and, if he has such power, what funds he may use for that purpose.

This request calls in question the clause in the eleventh paragraph of the will, which reads thus:

"I hereby further grant to them [the trustees appointed by the will], full power, authority and discretion to use any part of the principal of either or any of the funds herein granted to them for the purpose of improving real estate devised by me."

The bill discloses no ground upon which complainant, as substituted trustee, is called upon to act in the exercise of any power to improve the devised real estate by buildings, except that he declared his opinion to be that it would be judicious to do so. As the bill also discloses that there are yet ten dwelling-houses upon the real estate devised by testatrix which have not been converted into cash according to the express directions of the will, it seems that such improvement may not aid in the performance of the duty to convert.

It is further observable that since the death of the husband of testatrix, without having made a disposition of the estate, another duty was, by the will, expressly imposed upon the surviving trustee, which duty now devolves upon the substituted trustee. He is required to divide the trust fund into certain shares and designate and set apart one share to each of certain persons. If the fund has been converted into cash and invested as directed, the complainant, as substituted trustee, may perform the duty of division and designation.

The authority given to the trustees by the will to improve the real estate may be construed to be given in aid of the conversion thereof into cash. While the estate remained for the use of the husband and subject to his power of disposition, such improvement would demand the discretion and judgment of the trustees appointed by the testatrix. But after the death of the husband,

without making any disposition of the property, it may be questioned whether the survivor of the trustees appointed by the will retained the power of improvement in the face of the provision for a division of the fund and its designation for the benefit of the beneficiaries.

It is hardly conceivable that testatrix intended to authorize the surviving trustee to use funds designated and set apart for one beneficiary to improve real estate not yet converted.

However that may be, it is clear that the trustee, if he retained the authority to improve, could only exercise such authority when, in his judgment, it was judicious to do so. If retained, the power was one involving discretion, and, for the reason above given, it did not pass to or become vested in the complainant by his substitution as trustee.

The complainant, having no power to make the improvement, no duty in that direction is cast upon him.

A decree will be made in conformity with this opinion.